**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**WILLIAM WALDRUP BRASHEARS** **PLAINTIFF**

**v.** **CAUSE NO. 1:26-cv-00064-LG-RPM**

**BURL CAIN, et al.** **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff William Waldrup Brashears initiated this action under 42 U.S.C. § 1983 on March 2, 2026. At the time, Plaintiff was an inmate housed at the South Mississippi Correctional Facility in Leakesville, Mississippi.

On May 18, 2026, Plaintiff advised the Court that he did not intend to initiate a new lawsuit, but instead meant to name these Defendants in an existing case (*Waldrup v. Rogers, et al.*, No. 1:25-cv-00272-LG-RPM). Accordingly, on June 4, 2026, the Court ordered Plaintiff to file a written response, on or before June 18, 2026, to advise the Court whether he wanted to voluntarily dismiss this case. Having received no response, on July 1, 2026, the Court entered an Order to Show Cause [8], directing Plaintiff to show cause why this case should not be dismissed for failure to obey a Court order. Still having received no response, the Court entered a Second and Final Order to Show Cause [9] on July 27, 2026, giving Plaintiff one last chance to either comply or show cause.

All Orders were mailed to Plaintiff at his address of record, and all of them were returned to the Court as undeliverable. To date, Plaintiff has not responded to

these Orders, provided a change of address, or otherwise contacted the Court about this case since May. The Court has explicitly warned Plaintiff seven times that his failure to comply with Court orders or keep the Court advised of his current mailing address may result in this case being dismissed.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "inherent power . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (quotation omitted); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

Plaintiff has not contacted the Court about this case in more than three months. This inaction includes Plaintiff's failure to advise the Court of his current mailing address, despite being advised that it is his responsibility to do so. Such inaction represents a clear record of delay, contumacious conduct, and lack of interest by Plaintiff. It is apparent that he no longer wishes to pursue this lawsuit. Since the Court has not considered the merits of Plaintiff's claims, this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons

stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 8th day of September, 2026.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge